UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) | CIVIL ACTION<br>NO. 1:96-CV-10804-DPW |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:04-CV-10652-DPW<br>[BEACON HEIGHTS SITE] |
| THE BLACK & DECKER CORPORATION, BLACK & DECKER, INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART INDUSTRIES, INC., | ) ) ) ) ) | No. 1:04-CV-10667-DPW<br>[LAUREL PARK SITE] |
| Defendants. | ) ) ) | |

BLACK & DECKER'S RENEWED MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING THE BEACON HEIGHTS AND LAUREL PARK SITES

Defendants ("Black & Decker") move, pursuant to Fed.R.Civ.P. 56, for partial summary judgment that Liberty Mutual Insurance Company ("Liberty Mutual") is in breach of its duty to defend Black & Decker with respect to the Black & Decker claim for insurance coverage regarding Beacon Heights and Laurel Park sites in Connecticut ("Beacon Heights and Laurel Park Claims") on the ground that there is no genuine issue of material fact and Black & Decker is entitled to judgment as a matter of law, both with respect to defense and with respect to indemnification. In support thereof, Black & Decker states:

1. Pursuant to the provisions of each of the blanket general liability insurance and/or comprehensive general liability insurance policies that Liberty Mutual issued to Farrel Corporation for the period July 1, 1961 through July 1, 1971, Liberty Mutual is obligated to defend Black & Decker with respect to the Beacon Heights and Laurel Park Claims.

2. After receiving notice of the Beacon Heights and Laurel Park Claims, Liberty Mutual withdrew from defending Black & Decker with respect to those claims.

3. Black & Decker has suffered damage as a result of the conduct of Liberty Mutual in breach of its duty to defend Black & Decker with respect to the Beacon Heights and Laurel Park Claims.

4. As set forth in the prior rulings of this Court concerning the Ansonia and Derby, Connecticut sites (Docket Entry 539 in 96-cv-10804) and <u>Missionaries of the Co. of Mary</u> v. <u>Aetna Cas. & Sur. Co.</u>, 155 Conn. 104, 230 A.2d 21 (1967), as a result of its breach of its duty to defend, Liberty Mutual is liable to Black and Decker for the costs of indemnification, as well as defense costs.

5. Black & Decker is entitled to recover $97,506.35 in unreimbursed costs that it has incurred in defending the Beacon Heights Claim, including defense and settlement costs.

6. Black & Decker is entitled to recover $54,308.67 in unreimbursed costs that it has incurred in defending the Laurel Park Claim, including defense and settlement costs.

7. The basis of this motion is set forth in greater detail in the memorandum in support of this motion, the appendix to said memorandum and the statement of material facts in support of this motion, all filed herewith and incorporated herein, as well as in the appendix to the motion for partial summary judgment that Black & Decker filed in Civil Action No. 96-10804-DPW and the exhibits admitted in evidence during the trial of Civil Action No. 96-10804-DPW, all incorporated herein.

## REQUEST FOR ORAL ARGUMENT

Black & Decker believes that oral argument may assist the Court in its consideration of this motion and requests an opportunity to be heard in connection with the motion.

By their attorneys,

/s/ Jack R. Pirozzolo
Jack R. Pirozzolo,  BBO# 400400
Richard L. Binder, BBO# 043240
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts  02110
(617) 482-5470